385 A.2d 342

**L. BEINHAUER & SON CO., Appellant,**

v.

**STATE BOARD OF FUNERAL DIRECTORS, Appellee.**

Supreme Court of Pennsylvania.

Argued March 10, 1977.

Decided April 28, 1978.

Reargument Denied June 16, 1978.

J. Sherman McLaughlin, Johanna O'Loughlin, Reed, Smith, Shaw & McClay, Pittsburgh, for appellant.

Alan M. Bredt, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

Appellant, L. Beinhauer & Son Co., applied to appellee, State Board of Funeral Directors, for two duplicate licenses of its corporate license for use at two new additional locations. The Board denied appellant's application on April 16, 1975, on the basis of the prohibition against the issuance of branch licenses contained in the Funeral Director Law, Act of June 10, 1931, P.L. 485, as amended, 63 P.S. § 479.1 to 479.19 (Supp. 1977–78). On appeal, the Commonwealth Court affirmed the Board's denial. *Commonwealth of Pennsylvania, State Board of Funeral Directors v. L. Beinhauer and Son Company*, 23 Pa.Cmwlth. 106, 350 A.2d 453 (1976). We granted appellant's petition for allowance of appeal, and this appeal followed.

Appellant contends that the Board's denial should be overturned (1) because ". . . the statutory prohibition against branch offices [contained in the Act of June 10, 1931, P.L. 485, as amended, 63 P.S. § 479.9] constitute[s] [a] deprivation of property in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and article one, section one of the Pennsylvania Constitution" and (2), because ". . . appellant [has] a vested interest in its branch offices under the grandfather clause contained in section 13 of the Act of 1931, P.L. 485 . . . ."

The Commonwealth Court's opinion, cited above, was filed on January 27, 1976. Since that date, the Funeral Director

Law has been amended in a way which may significantly affect appellant's rights. On March 3, 1976, that portion of the Funeral Director Law prohibiting branch office licenses was amended to allow the Board to issue one such license to a previously authorized licensee. See Act of March 3, 1976, P.L. 32, No. 16, § 2 (63 P.S. § 479.8 (Supp. 1977–78), which provides:

"(d) Branch Place of Practice. Licensees authorized to conduct a funeral directing practice whether as an individual, partnership or restricted corporation may conduct business at one, and no more than one, branch place of practice provided that a licensed funeral director is permanently assigned as supervisor to such branch location, and provided that the facilities furnished at such branch location fully comply with all the provisions of this act and the rules and regulations promulgated by the board as amended from time to time. The board shall issue a separate license and require payment of a separate license fee for such branch location."

In view of the 1976 amendment, appellant's application for at least one of its branch licenses may be approved if the State Board of Funeral Directors were to reconsider the matter. There would still remain, of course, the question concerning appellant's application for a second branch license. We do not consider it appropriate, however, to address the issues raised at the present time because the parties have not briefed or argued the constitutional issue in light of the 1976 amendment. Although the constitutional issue is separate and apart from the statutory issue raised in this appeal, we deem it unwise to consider piecemeal the statutory issue.

We therefore vacate the order of the Commonwealth Court, and the order of the State Board of Funeral Directors, and remand the matter to the State Board for consideration of appellant's applications in light of the 1976 amendment to the Funeral Director Law.

ROBERTS, J., would dismiss the appeal as improvidently granted.