561 A.2d 847

**SERVICE ELECTRIC CABLE T.V. INC., a corporation, Appellant,**

v.

**The TOWNSHIP OF ALLEN and Twin County Trans–Video, Inc., a corporation, Appellees.**

Commonwealth Court of Pennsylvania.

Argued June 5, 1989.

Decided July 10, 1989.

Petition for Allowance of Appeal Denied March 26, 1990.

Christopher T. Spadoni, Bethlehem, for appellant.

William J. McCarthy, III, Allentown, for appellee, Tp. of Allen.

Henry S. Perkin, Perkin, Rapoport, Schattenstein & Feldman, Allentown, for appellee, Twin County Trans–Video, Inc.

Before CRAIG and COLINS, JJ., and KALISH, Senior Judge.

CRAIG, Judge.

Service Electric Cable T.V., Inc. appeals a decision of Judge Alfred T. Williams, Jr., of the Court of Common Pleas of Northampton County that dismissed Service Electric's exceptions to the trial court's adjudication and decree nisi granting an injunction to Allen Township and Twin County Trans–Video, and directed the prothonotary of the common pleas court to enter the decree nisi as a final decree. We affirm.

Allen Township, a township of the second class, adopted Ordinance No. 1–1965 on May 3, 1965. The ordinance provides for the regulation of "community antenna systems" or cable systems. The township granted a franchise to Twin County, as provided in the ordinance, that allowed Twin County to operate cable facilities in the township. Service Electric discussed the possibility of obtaining a franchise with the township in 1977, but did not pursue a franchise at that time. Service Electric has maintained a transmission line in Allen township for ten to twelve years to serve customers in East Allen Township. Service Elec-

tric has also been providing service to six to ten customers in Allen Township without a franchise since sometime before 1984, apparently without the knowledge of the township.

In the summer of 1986, Service Electric began to solicit customers in Allen Township whose properties are adjacent to Service Electric's transmission line. Despite the township's notice to Service Electric that the cable company did not have a franchise to service customers in the township, Service Electric continued to solicit customers. Service Electric applied for a franchise in 1986; however, after holding a hearing on the application in November of 1986, the township denied Service Electric's request on February 10, 1987. Service Electric never challenged that decision.

Although the township denied Service Electric's request for a franchise, Service Electric continued to solicit customers and install cable and facilities in Allen Township until the trial court granted the township's and Twin–County's request for an injunction against Service Electric's activities in the township.

Service Electric makes three claims: (1) that Section 621(b) of the Cable Communications Policy Act of 1984 (Cable Act), 47 U.S.C. § 541(b) (1982) grandfathers Service Electric because it was allegedly an entity lawfully providing cable service without a franchise on or before July 1, 1984; (2) that the Cable Act prohibits the township from refusing to allow Service Electric to operate within the township; and (3) that the injunctive relief the trial court granted violates Service Electric's First Amendment rights.

The Cable Act states:

General franchise requirements

. . . .

(b)(1) Except to the extent provided in paragraph (2), a cable operator may not provide service without a franchise.

(2) Paragraph (1) shall not require any person lawfully providing cable service without a franchise on July 1,

1984, to obtain a franchise unless the franchising authority so requires.

47 U.S.C. § 541(b) (1982). Service Electric argues that it was "lawfully providing cable service without a franchise on July 1, 1984", and thus, that the township cannot prohibit the company from providing service to present and potential customers in the township.

■ Initially we note that the Cable Act does not preempt the power of local governmental authorities to regulate cable companies, as long as those entities do not adopt regulations in conflict with federal law. In *Rollins Cablevue, Inc. v. Saienni Enterprises,* 633 F.Supp. 1315 (D.Del. 1986), the federal district court recognized that one of the primary objectives of the Cable Act is "to make the local franchising process the primary means of cable television regulation." 633 F.Supp. at 1318.

■ Although our research has not disclosed a state or federal decision interpreting section 621(b) of the Cable Act, in our opinion, Service Electric was not "lawfully providing cable service without a franchise" in the township on July 1, 1984.

As the township and Twin County point out, this court held in *Board of Supervisors of New Britain Township v. Bucks County Cablevision,* 89 Pa.Commonwealth Ct. 276, 492 A.2d 461 (1985), *aff'd.,* 511 Pa. 369, 514 A.2d 1370 (1986), that second class townships, such as Allen, have the authority to regulate cable television.

Service Electric argues, however, that our decision in *New Britain* should operate only prospectively from the date of that decision because *New Britain* effectively changed the law concerning a second class township's power to regulate cable companies. Service Electric bases this assertion on two Northampton County trial court decisions which determined that the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* added by the Act of August 27, 1963, P.L. 1280, 53 P.S. §§ 65101—67201,

does not vest townships with the authority to regulate cable operators.[1]

The effect of prospective application of *New Britain,* as compared to retrospective application, Service Electric suggests, is that those two trial court decisions made the township's cable ordinance invalid from the date of adoption, and that the township could have adopted a valid cable ordinance only after the date of our *New Britain* decision. Thus, Service Electric argues, if the ordinance was not valid, the company operated lawfully in the township before the effective date of the Cable Act, July 1, 1984, and that the Cable Act therefore grandfathers Service Electric.

However, the two trial court decisions, upon which Service Electric relies, do not represent an authoritative statement of the law in Pennsylvania during the period before our *New Britain* decision. We cannot characterize *New Britain* as changing the law, but rather, at the most, as deciding "an issue of statutory construction not previously decided by an appellate court. Such an interpretation of legislative intent is regarded as part of a statute from the time the statute was enacted." *Daniels v. State Farm Mutual Auto Insurance Co.,* 283 Pa.Superior Ct. 336, 343, 423 A.2d 1284, 1288 (1980) (citation omitted).

The trial courts' decisions had no effect on the presumed validity of Allen Township's ordinance. Those decisions did not invalidate other townships' cable ordinances, but only affected those townships' cable ordinances which were at issue before the trial courts in those cases. Service Electric could have challenged the validity of the township's ordinance at an earlier time, but did not pursue that route.

The grandfather clause of the Cable Act appears to protect cable companies which operated in municipalities or states that did not regulate cable companies before the effective date of the Cable Act. In this case, as discussed

1. *Lower Nazareth Township v. Service Electric Cable TV, Inc.,* 43 North. 112 (1977) and *East Allen Township v. Service Electric Cable TV, Inc. and Twin County Trans–Video, Inc.,* (C.P.Pa.North., No 1982–C–3486, 1982, Freedburg, J.)

above, Allen Township had adopted a valid ordinance in 1965. Thus, we cannot characterize Service Electric's operation in the township, in apparent violation of the ordinance, as lawful for the purpose of the grandfather clause of the Cable Act.

Because of our disposition of Service Electric's first argument, Service Electric's second claim must fail because, not being grandfathered, the company is not sheltered by the Cable Act from franchise regulation.

■ With regard to Service Electric's First Amendment claim, the trial court indicated that Service Electric did not raise the First Amendment issue in pleadings or evidence, and thus concluded that Service Electric's exception raising the First Amendment was not properly before the court. We agree with the trial court's assessment of that exception and therefore also decline to consider that issue.

We note, however, that the United States Supreme Court's decision in *City of Los Angeles v. Preferred Communications, Inc.*, 476 U.S. 488, 106 S.Ct. 2034, 90 L.Ed.2d 480 (1986), upon which Service Electric relies, involved a challenge to the city's denial of a franchise on the ground that the city's decision to grant only one cable franchise would violate the plaintiff's First Amendment rights if the city had the economic and physical capacity to accommodate more than one company.

In this case, Service Electric has not challenged the ordinance as providing for an exclusive franchise, as in *Preferred Communications.* In fact, section 7 the township's cable ordinance specifically states that the ordinance should not be read as granting an exclusive franchise to one cable provider:

The right to engage in the activities hereto shall not be construed to be an exclusive grant to any one operator of a community antenna system so as the prevent the granting of similar privileges to others.

If, despite the language in the ordinance, the township denied Service Electric's request for a franchise solely

because the township decided that only one cable company should receive a franchise, and if that decision violated Service Electric's First Amendment rights, the company could have asserted their First Amendment right to a franchise following the township's denial in 1986.

The decision of Judge Alfred T. Williams is affirmed.

## ORDER

Now, July 10, 1989, the order of Judge Alfred T. Williams of the Court of Common Pleas of Northampton County, dated June 29, 1988 at No. 1987–CE–1583 is affirmed.