603 A.2d 705

**Robert N. LIVINGSTON, Appellant,**

v.

**DOYLESTOWN TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 18, 1991.

Decided Feb. 13, 1992.

Steven A. Cotlar, for appellant.

Jeffrey P. Garton, for appellee.

Before CRAIG, President Judge, PALLADINO, J., and BARRY, Senior Judge.

PALLADINO, Judge.

Robert N. Livingston (Livingston) appeals an order of the Court of Common Pleas of Bucks County (trial court) which affirmed a decision of the Board of Supervisors of Doylestown Township (board) dismissing Livingston from his position as township building inspector.

Livingston was employed by Doylestown Township as township building inspector from 1985 until March 20, 1990, when he was dismissed by the township manager for violation of sections of the Doylestown Township Rules and Regulations for Non–Uniformed Employees (employment

rules). The employment rules provide that an employee may appeal his dismissal to the board, and Livingston did so.

As township building inspector, it was Livingston's duty to issue occupancy permits. In doing so he was required to verify that a third party electrical inspector, hired by the person seeking an occupancy permit, had performed a final electrical inspection of the building.

The board found that at the same time that Livingston held the position of township building inspector, he performed final electrical inspections in the township on behalf of Code Inspections, Inc., a private electrical inspections company, and was paid by Code Inspections, Inc. to perform those inspections.

The board concluded that the township manager properly dismissed Livingston, on grounds set forth in the employment rules, for dishonesty, neglect of duty, insubordination and conflict of interest. Livingston appealed to the trial court, which heard the appeal pursuant to section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b) which provides as follows:

> Complete record.—In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency. After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or that the provisions of Subchapter B of Chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. If the adjudication is not affirmed, the court may enter any order authorized by 42 Pa.C.S. § 706 (relating to disposition of appeals).

■ The trial court affirmed the board. Our scope of review where, as here, the trial court takes no additional evidence is the same as that of the trial court. *Kujawa v. City of Williamsport,* 67 Pa.Commonwealth Ct. 38, 445 A.2d 1348 (1982).

■ The issue before this court is whether substantial evidence supports the findings of the board upon which it based its conclusions that Livingston's activities constituted dishonesty, neglect of duty, insubordination and a conflict of interest.

■ The board found that, shortly after being hired, Livingston had been specifically informed by the township manager that electrical inspections were to be performed by a third party inspection agency or an underwriter, not by the township building inspector who was only to verify that an inspection had been made. Board's opinion at 3. The board found further that in 1987 when Livingston suggested that the township building inspector perform final electrical inspections, the township manager rejected that suggestion and again advised Livingston that those inspections would continue to be performed by a third party. The township manager advised Livingston at that time that the township did not have sufficient liability insurance for any exposure which might be associated with final electrical inspections. Board's opinion at 3. These findings are supported by the testimony of David Jones, the township manager, who testified that he had given Livingston the above information and advice. N.T. at 72–73. His testimony constitutes substantial evidence to support the board's findings.

■ The board also found that Livingston performed inspections in the township for Code Inspections, Inc., and was paid to do so by that company, at the same time that he was employed as township building inspector, and was being paid his salary by the township. The board further found that Livingston informed the owner of Code Inspections, Inc. that working for both entities did not create a

conflict of interest. The board also found that Livingston attempted to conceal from the township manager the fact that he was working for both entities. Board's opinion at 9. These findings are supported by the testimony of Livingston himself, who does not deny that he performed inspections for Code Inspections, Inc., and was paid to do so at the same time that he was employed as township building inspector. He also admits that he concealed this fact from the township manager. N.T. at 111. The findings are also supported by the testimony of John Cochran, the president of Code Inspections, Inc. He testified that Livingston had told him that he had resolved any conflict that might exist between his job as township building inspector and his work for Code Inspections, Inc. N.T. at 30. He also testified that he remitted to Livingston one-third of the fee paid to Code Inspections, Inc. for electrical inspections which Livingston performed. N.T. at 31. We conclude that the testimony of Livingston and Cochran constitute substantial evidence to support these findings.

Based on its findings, the board concluded that the actions of Livingston constituted dishonesty, insubordination, neglect of duty and conflict of interest. The facts as found by the board support those conclusions. Livingston was dishonest in that he attempted to conceal his connection with Code Inspections, Inc., from the township manager. He was insubordinate in that he performed final electrical inspections after having been told not to do so by the township manager. He neglected his duty to verify that an electrical inspection had been performed by a third party by instead performing the inspections himself. Lastly, Livingston had a conflict of interest because he both inspected the electrical systems and was responsible for verifying that the inspections had been performed. By performing the inspections himself, while employed by the township as township building inspector, Livingston put the township in a position of potential liability, while the township was seeking to avoid liability through the third party inspection mechanism.

■ Livingston argues in his defense that because the BOCA Code, which was adopted as an ordinance by the township,[1] requires that the township building inspector perform final electrical inspections, the township manager had no authority to require that final electrical inspections be performed by a third party inspection agency.

The language in the BOCA Code upon which Livingston relies is found in section 110.4 of the BOCA Code and is as follows:

> The code official shall make all the required inspections, or the code official shall accept reports of inspections by approved agencies or individuals....

Livingston's reliance on this section is misplaced because, as the trial court pointed out, the language provides the township with two options. It may either require its code official to make inspections or, as it did here, it may require the code official to accept the reports of an approved third party.

Accordingly, we affirm.

## ORDER

AND NOW, February 13, 1992, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

---

1. The 1987 BOCA National Building Code, published by Building Officials and Code Administrators International was adopted by Ordinance No. 186 of Doylestown Township.