**MULBERRY MARKET, INC., Appellant,**

v.

**CITY OF PHILADELPHIA, BOARD OF LICENSE & INSPECTION REVIEW & City of Philadelphia, Department of Streets & Licenses & Inspections.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1999.

Decided Aug. 4, 1999.

Joseph J. Marinaro, Philadelphia, for appellant.

Hugh W. Snyder, Philadelphia, for appellee.

Before KELLEY, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

FLAHERTY, Judge.

Mulberry Market (Mulberry) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which affirmed the order of the Board of License and Inspection Review (Board) that denied Mulberry a permit for maintaining a dumpster on the sidewalk in front of Mulberry's store. We affirm.

Mulberry is a grocery store/delicatessen located at 236 Arch Street in Philadelphia near some historical sites. Since roughly 1980, Mulberry has operated its store and delicatessen at that location and since then has maintained a dumpster on its sidewalk for disposing of trash generated by the Mulberry business.

On June 19, 1989, the City of Philadelphia enacted the Dumpster Ordinance (Ordinance) providing for a comprehensive regulation of dumpsters and requiring all individuals to obtain a license before placing a dumpster on their property. On April 20, 1990, Mulberry applied to the Department of License and Inspection which denied Mulberry's application on April 21, 1991 because the dumpster would be placed in a public right of way. Mulberry appealed to the Board which, following hearings conducted on July 23, 1991, October 29, 1991 and December 1991, denied Mulberry's appeal. Mulberry appealed to the trial court which affirmed the Board without taking any new evidence. The trial court granted Mulberry a supersedeas, permitting Mulberry to maintain the dumpster pending its appeal to this court.

■ Appellate review over a decision of a local agency where the trial court takes no new evidence is limited to determining whether constitutional rights were violated, an error of law was committed, whether necessary findings of fact are supported by substantial evidence and whether the procedure before the local agency was contrary to statute. 2 Pa.C.S. § 754(b); *Livingston v. Doylestown Township,* 145 Pa. Cmwlth. 460, 603 A.2d 705 (1992).

The first question which Mulberry presents for our review is whether the grandfathering provisions of the Ordinance require the issuance of a dumpster license to Mulberry. *See* Mulberry's brief at p. iii. Section 626.2 of the Ordinance, entitled "Existing uses" provides as follows:

All buildings which contain uses which generate refuse, as defined in Section 9–604 of the [Philadelphia] Code, which are on the effective date of this Section, disposed of by use of a dumpster, as defined in Section 9–604 of the Code, shall, where there is sufficient space available on the premises of the building, keep all dumpsters within enclosures constructed in accordance with regulations promulgated by the Department of Licenses and Inspections. *In the event that a dumpster is maintained off the building premises on the effective date of this Section, such dumpster shall not be enclosed and may be so maintained provided that there is no change in use of the building for which the dumpster is employed and for so long as it is placed and maintained in accordance with the provisions of Section 9–604 of the Code.*

(emphasis added). Mulberry contends that the underlined language of the Ordinance is a grandfather clause which is subject to only one interpretation, namely that "dumpsters maintained off the building premises in use before the effective date of this section (June 19, 1989) are

permitted to remain so long as there is no change in the building use and the dumpster is maintained in accordance with the provisions of § 9–604." Mulberry's brief at pp. 11–12. Because its dumpster was in place well before June 19, 1989 and is maintained in accordance with the provisions of § 9–604, Mulberry claims that the plain terms of the Ordinance require the issuance of a dumpster license to Mulberry.

In rejecting this contention of Mulberry, the trial court reasoned that

[b]asically a grandfather clause in new legislation operates to exempt from compliance with that legislation those who engaged in the conduct to which the legislation applies prior to its adoption. However the prior conduct must have been legal before the promulgation of the new legislation. *State Board of Funeral Directors v. L. Beinhauer & Son Co.,* 23 Pa.Cmwlth. 106, 350 A.2d 453, 456 *vacated on other grounds,* 477 Pa. 571, 385 A.2d 342 (1978).

Here, Appellant's [Mulberry's] placement of the dumpster on the sidewalk was always illegal. Prior to the enactment of the Ordinance, the Code specifically prohibited the placement of a dumpster on a sidewalk or other right of way. Therefore, Appellant's conduct prior to enactment of the Ordinance was illegal and the Board was correct in holding that a grandfather clause was not applicable to this case and that § 626.2 of the Ordinance does not permit Appellant to maintain its dumpster in its current location.

Trial court slip op. at p. 4.

Mulberry asserts that the trial court cited *Beinhauer* for the proposition that in order for a grandfather clause to operate to exempt compliance with the legislation for those who conducted business prior to the adoption of the legislation, the prior conduct must have been legal before the promulgation of the new legislation. Mulberry argues that this is not the holding of *Beinhauer.* Even if this is not the holding of *Beinhauer,* it is still a correct statement of the law and Mulberry does not argue otherwise. *See, e.g., Commonwealth v. Petry,* 81 Pa.Super. 27 (1923), *cert denied,* 263 U.S. 704, 44 S.Ct. 33, 68 L.Ed. 515 (1923); *Service Electric Cable T.V. Inc. v. Township of Allen,* 127 Pa.Cmwlth. 306, 561 A.2d 847 (1989), *allocatur denied,* 525 Pa. 609, 575 A.2d 573 (1990); 4 A.L.R.2d 667.

Mulberry does argue that the trial court erred in holding that the grandfather clause of the Ordinance does not authorize the grant of a license to Mulberry. Mulberry argues that the Ordinance specifically contemplates the licensing of dumpsters despite the fact that dumpsters placed in the public right of way were not previously specifically authorized by any Philadelphia ordinance. Mulberry points to, inter alia, the preamble of the Ordinance which provides that "[a]lthough not authorized by Ordinance of the City of Philadelphia, the placement of dumpsters on the cartways or roadways, sidewalks and alleyways of the City by or on behalf of commercial enterprises has become a commonplace reality of urban life...." Mulberry argues that Philadelphia's intention in enacting the grandfather clause was to eventually eliminate dumpsters on public sidewalks by attrition and that all dumpsters currently in place should be allowed to continue by grant of license so long as they are maintained in a clean and sanitary manner as Mulberry's dumpster is. Mulberry is not arguing that its initial placement of the dumpster on the public sidewalk was legal at the time. Rather, Mulberry argues that a proper interpretation of the Ordinance leads to the conclusion that it was the intention of the drafters that even those dumpsters illegally placed prior to the enactment of the Ordinance would be required to be granted a license so long as the dumpster was being maintained in a sanitary and clean condition.

In response, the City of Philadelphia echoes the trial court's reasoning and

adds that Mulberry's reading of the Ordinance is erroneous. Philadelphia argues that

> [p]rior to the enactment of the Dumpster Ordinance, no person had the right to place a dumpster upon the sidewalk for storage of trash or garbage. This is made clear in the first line of the ordinance:
>
> > "[W]hereas, *Although not authorized by the Ordinance of the City of Philadelphia,* the placement of dumpsters on the . . . . (emphasis added)
>
> The Streets Code has specifically prohibited placement of dumpsters on the street. § 11–602(1) of the Philadelphia Code states that "[n]o structure, fixture, excavation, obstruction, or projection shall be erected or maintained over, on, in or under any street except in accordance with the provisions of this Chapter." Since dumpsters constitute both structures and obstructions, it has been illegal, absent express permission of the City, to place one upon the street.

Philadelphia's brief at p. 9. We agree with the trial court and Philadelphia that § 6–626.2 of the Ordinance, the so-called grandfather clause only permits the licensing of dumpsters which are placed on public sidewalks where the placement of those dumpsters was legal immediately prior to the enactment of the Ordinance. The plain language of § 6–626.2 provides that such pre-existing dumpsters may remain "so long as it is **placed** and maintained in accordance with the provisions of Section 9–604 of the Code." (emphasis added). While Mulberry asserts that it has **maintained** the dumpster in accordance with the provisions of Section 9–604 of the Code, Mulberry has not argued and indeed cannot argue that the dumpster was **placed** in accordance with the provisions of Section 9–604. As Philadelphia points out, Section 9–604 prohibits a hauler of garbage from placing a dumpster on a street unless the user possesses a license authorizing such a location. Here, Mulberry does not assert that it possessed such a license at some time prior to the enactment of the Ordinance that would have rendered its placement of the dumpster on a public sidewalk legal prior to the enactment of the Ordinance. As Mulberry's placement of the dumpster on the public sidewalk was not legal at the time of the enactment of the Ordinance, the grandfather clause of the Ordinance does not mandate that Mulberry be granted a license for its dumpster. Thus, we reject Mulberry's interpretation of the Ordinance as requiring a license be issued to it where its placing of the dumpster on the public sidewalk was not legal at the time of the enactment of the Ordinance.

The next issue Mulberry presents for our review is whether certain findings of fact are supported by substantial evidence of record. First, Mulberry argues that the Board's finding of fact (F.F.) No. 2 that the "sidewalk in front of the [Mulberry] Property is obstructed by trees and by Appellant's cellar hatch" is unsupported by substantial evidence. Board's slip op., Reproduced Record (R.R.) at p. 17. Mulberry argues that there are no trees in front of its property. The trial court agreed that there are no trees in front of Mulberry's property but that such an unsupported finding constituted harmless error, as it was not a finding necessary to support the Board's adjudication. Mulberry argues that the error was not harmless because in the Board's Conclusion of Law No. 2, the Board held that the "dumpster is located on the sidewalk in front of the Property and partially obstructs pedestrian passage . . . ." *Id.* at p. 22.

We note that the Board nowhere in its conclusions of law relies upon its F.F. No. 2 that trees obstruct the front of the property. Nevertheless, Mulberry argues that the dumpster does not obstruct pedestrian passage because pedestrians have six or seven feet available on the sidewalk. However, the Board did not conclude that the dumpster totally obstructs pedestrian traffic, rather, the Board concluded that the dumpster which is located on the side-

walk only **partially** obstructs pedestrian traffic. Furthermore, Philadelphia argues that there is support in the record for the Board's assertion that the dumpster located on the sidewalk. which is intended for pedestrian traffic partially obstructs pedestrian passage. We agree. See R.R. at p. 62 wherein Ms. Eileen O'Brien who was the administrative analyst for the Streets Department testified that "[a]s a result of the configuration of the [Mulberry] building and the placement of the dumpster, there is limited passage for pedestrians left available." As there is support in the record and as the Board did not appear to rely on its erroneous F.F. No. 2 we agree with the trial court that the erroneous F.F. No. 2 constituted harmless error as it was not a finding necessary to the adjudication of the Board. *See, e.g., Allingham v. Workmen's Compensation Appeal Board (Pittsburgh)*, 659 A.2d 49 (Pa.Cmwlth. 1995), *allocatur denied*, 543 Pa. 717, 672 A.2d 310 (1996)(where a finding of fact that was not supported by substantial evidence was not necessary to support the adjudication, no basis for reversing the adjudication existed on the grounds of lack of substantial evidence); *Keay v. Unemployment Compensation Board of Review*, 122 Pa.Cmwlth. 116, 551 A.2d 391 (1988)(same).

Next Mulberry complains of F.F. No. 9 wherein the Board stated that the "Board received correspondence from Councilwoman Joan Specter... advising the Board that it was not the legislative intent of the City council of the City of Philadelphia to construe the dumpster law as including a grandfather clause." R.R. at 19. Mulberry complains that this letter was an ex parte communication on the part of the councilwoman which was never offered into evidence and would have been objected to by Mulberry if an attempt were made to introduce the letter. Because there was no opportunity to object to this letter nor was it ever introduced into evidence, the Board's consideration of the letter was improper according to Mulberry.

■ The trial court stated that "[i]t is not clear whether or to what extent the Board relied on this letter." Trial court slip op at 4. The trial court found that in view of its decision that the grandfather clause of the Ordinance did not apply to prior existing illegally placed dumpsters, the Board's result was correct even if the Board relied upon the letter. Essentially, the trial court affirmed the Board on the basis of the trial court's interpretation of the language of the Ordinance without regard for the letter. We agree with the trial court that the Board's result was correct even if it erred in relying on the letter to any extent because the plain language of the Ordinance, quite apart from any consideration of the letter supports the Board's result. *See, e.g., Bell Atlantic Mobile Systems Inc. v. Borough of Baldwin*, 677 A.2d 363 (Pa.Cmwlth.1996), *allocatur denied*, 548 Pa. 620, 693 A.2d 590 (1997)(a court acting in its appellate capacity may affirm a lower tribunal where the result is correct even if the reasoning is not correct where the correct basis for the decision is apparent on the record). *Cf., Pavonarius v. Workers' Compensation Appeal Board (Samuel Levitt Sheet Metal, Inc.)*, 714 A.2d 1135 (Pa.Cmwlth.1998), *allocatur denied*, —— Pa. ——, 736 A.2d 606 (1999)(where evidence is improperly admitted, so long as there is other properly admitted evidence sustaining the party's burden of proof, the admission of the improper evidence constitutes harmless error). Accordingly, this issue does not warrant reversal.

■ Mulberry also complains that the Board's F.F. No. 3 is irrelevant. The Board's F.F. No. 3 merely observes that the Mulberry "Property is located across the street from the Betsy Ross House, a major tourist attraction within the City of Philadelphia ... There are other important historical attractions and houses certified to be historic structures located in the Property's vicinity." Mulberry argues that F.F. No. 3 is irrelevant since the

nature of the area where the dumpster is located is not a qualification in the Ordinance. We agree that F.F. No. 3 is not necessarily relevant to the requirements for obtaining a license, but as Mulberry has failed to meet the requirement that its placing of the dumpster was legal at the time of the effective date of the Ordinance so as to come within the grandfather clause and has failed to otherwise demonstrate entitlement to the license under the Ordinance, the Board's irrelevant F.F. No. 3 and any legal conclusion based thereon are at most harmless error and thus, do not afford Mulberry relief.

 Mulberry next complains about F.F. No. 18. In F.F. No. 18, the Board stated that Tucker, vice-president of Mulberry, "acknowledged that every business, including Appellant's, is able to store trash inside; however, he chooses not to store trash inside the Property because of a potential infestation problem and due to his belief that it would be inconvenient to store trash within the Property. (12/3/91 N.T. 23–24)." R.R. at 21. Mulberry complains that this finding of fact ignores other parts of the record which makes it clear the storage of trash inside the premises may constitute violations of City Ordinances. However, from our review of the record, there is substantial evidence of record to support F.F. No.18. See R.R. at pp. 121–122. Thus, our inquiry as an appellate court is at an end. In a substantial evidence inquiry we simply inquire whether there is such relevant evidence of record which a reasonable person might accept as adequate to support a conclusion. *Cameron v. Dept. Of Labor and Industry, Bureau of Employer Tax Operations,* 699 A.2d 843 (Pa.Cmwlth.1997). Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the factfinder, rather, the pertinent inquiry is whether there is any evidence which supports the factfinder's factual finding. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations),* 70 Pa.Cmwlth. 542, 453 A.2d 710 (1982). It is solely for the factfinder to assess credibility and to resolve conflicts in the evidence. *Commonwealth of Pennsylvania v. Price,* 420 Pa.Super. 256, 616 A.2d 681 (1992). In addition, it is solely for the factfinder, to determine what weight to give to any evidence. *Clites v. Department of Public Welfare,* 120 Pa. Cmwlth. 542, 548 A.2d 1345 (1988). Thus, the Board gave greater weight to the evidence that Mulberry's storage of trash on premises may not in fact violate Philadelphia ordinances. This was within the Board's authority.

 Finally, Mulberry complains of F.F. No. 15, 16, and 19. As an initial matter we note that in its Statement of Matters Complained of On Appeal pursuant to Pa. R.A.P.1925(b) filed with the trial court, Mulberry did not raise any issues with respect to these findings of fact. Accordingly, they are waived. *Finnegan v. Pennsylvania Higher Education Assistance Agency,* 690 A.2d 1282, 1284 (Pa. Cmwlth.1997)(where appellant raised two issues in his brief on appeal to this court but failed to raise the issue in his Pa. R.A.P.1925(b) statement, the issues were deemed to be waived). Moreover, even if these issues were not waived, we find that they do not provide Mulberry any relief as they are either supported by substantial evidence or Mulberry has mischaracterized their import or Mulberry's arguments are really premised on assailing the credibility or weight to be given to the testimony. Nor do we find that any of the Board's conclusions of law were erroneous.

 Next Mulberry claims that the Board erroneously excluded the testimony of Mr. Prichard who would have apparently testified that he has personally researched the City's practices on dumpster licenses in the area and has found that new licenses were being issued for sidewalk dumpsters to other businesses with sanitation problems. The City objected to this testimony on the grounds of relevance.

The admission or exclusion of evidence particularly on the grounds of relevance is committed to the sound discretion of the local agency. *See In re Appeal of Harris,* 91 Pa.Cmwlth. 47, 496 A.2d 891 (1985). Thus, absent an abuse of that discretion, a reviewing court should not disturb the local agency's ruling. Here, Philadelphia argues that the testimony of Mr. Prichard was irrelevant because there was never an issue as to the cleanliness of Mulberry's dumpster, rather the central issue was whether Mulberry was entitled to a license on the grounds that it came within the so-called grandfather provisions of the Ordinance. We agree. As the Board denied the license on the grounds that Mulberry did not demonstrate that it came within the terms of the so-called grandfather clause, any testimony that licenses were issued to non-sanitary dumpsters was irrelevant to the issues before the Board and to the basis upon which the Board rested its adjudication. Accordingly, we do not find that the Board committed an abuse of discretion in excluding this evidence.

Lastly, Mulberry argues that the trial court should have remanded this case to the Board for it to take further testimony regarding Mulberry's utilization of a garbage disposal system. We find no merit to this contention, because the fact of Mulberry's obtaining and utilization of a garbage disposal system for its grindable garbage would not have changed the outcome of this case. Whether or not it utilized a garbage disposal system was irrelevant as to whether its dumpster at the time of the enactment of the Ordinance was legally placed or not. Hence, even if Mulberry had a garbage disposal system in place at the time of the Board's decision or sometime soon thereafter, the result would have been the same, a denial of the license, as not coming within the terms of the so-called grandfather clause.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 4th day of August, 1999, the order of the Court of Common Pleas of Philadelphia County, Civil Divisions Docketed at No. 4717 December Term 1991 and entered on May 29, 1997 is hereby affirmed.