IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aslam Khan, Individually and as    :
Attorney-In-Fact for Eleftherios    :
Antzoulatos,    :
                Appellant    :
    :
          v.    :
    :
City of Philadelphia Board of License :  No. 1616 C.D. 2015
and Inspection Review    :  Submitted: August 19, 2016

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI             FILED: September 12, 2016

Aslam Khan (Khan), individually and on behalf of Eleftherios Antzoulatos (Licensee), appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) affirming the order of the City of Philadelphia (City) Board of License and Inspection Review (Board) to revoke Licensee's license to operate a vending cart because he unlawfully transferred said license to Khan.[1]  We affirm.

---

[1] The City raised the issue of Khan's standing in its brief in opposition, as well as during oral argument before the trial court.  However, this issue was not addressed in the trial court opinion and has not been raised on appeal; therefore, it will not be addressed herein.

# I.

## A.

The Philadelphia Code (Code) regulates sidewalk vending in Center City[2] and defines a "sidewalk vendor" as "[a]ny person who exhibits, displays, offers for sale or sells any food, beverages, goods, wares or merchandise from any stand while on the sidewalk. . . ." Section 9-204(1)(e) of the Code. A food cart or pushcart is a "stand" and must be licensed pursuant to the Code because it is "used to display, exhibit, carry, transport, store, offer for sale, or sell any food [or] beverages . . . upon the sidewalk." Section 9-204(1)(d). In addition, a food cart qualifies as a "food establishment" regulated by the Health Code, Section 6-102(19) of the Code, and all food establishments must have a commissary license. Section 6-301(2) of the Code.

The Code provides that "[i]t shall be unlawful for any person to engage in the business of a sidewalk vendor within Center City without first obtaining a license pursuant to this Section from the Department [of License and Inspection]." Section 9-204(3) of the Code. Section 9-205 of the Code previously allowed a sidewalk sales licensee to vend anywhere in the City that vending was not expressly prohibited. However, Section 9-204 of the Code went into effect in the early 1990s and now requires that licenses be assigned based upon a particular location within Center City. Of particular importance to the present case, the Code states that "[e]very license shall be non-assignable and non-transferable." Section 9-204(3)(f) of the Code.

---

[2] Section 9-204(1)(b) of the Code defines "Center City" Philadelphia as "[t]he areas bounded by the north side of Vine street, the south side of Bainbridge street, and the Delaware and Schuylkill Rivers."

On June 2, 2008, Licensee was awarded License Number 445920 (License) to vend at location number 280 located at John F. Kennedy Boulevard between 15th and 16th Streets in Center City, Philadelphia. On March 20, 2014, after conducting on-site inspections and a review of city records, the City's Department of Licenses and Inspections (Department) determined that Khan was unlawfully operating at Licensee's assigned vending location and issued a notice of intent to revoke the License (Notice) for violation of Section 9-204(3)(f) of the Code. The Notice stated that the License would be revoked in 30 days unless Licensee achieved full compliance with all lawful requirements. Licensee appealed the proposed revocation contending that he did not transfer the License to Khan and that Khan was only his employee.

**B.**

Before the Board, Susan Ryan (Ryan), an Enforcement Officer for the Department, testified that she inspected Licensee's vending cart on several occasions and each time there were different people working there. She never observed Licensee working at the cart. When Ryan inspected the cart in October 2013, she observed two different license plate tags, neither of which was registered to Licensee or Khan.

Maureen Blaney (Blaney), Manager of the Department's Vending Unit, also testified regarding records involving the cart's operation. She stated that Food Facility Inspection Reports prepared by the Health Department showed that on June 29, 2012, there was a change in ownership listing Khan as the licensee as well as the person in charge of the cart. The inspection reports dated September 9, 2012, and

3

July 29, 2013, listed Khan as the individual responsible for the cart. At the time of Licensee's revocation, the cart itself was registered to a third party, Kiriachi Chatzistamatis, and not to Licensee or Khan. In addition, the cart possessed two license plate tags, neither of which was registered to Licensee or Khan. Blaney also testified that the Health Department licenses were in Khan's name. Licensee closed his City tax accounts on December 31, 2013, which Blaney testified rendered the License invalid.

In response, Licensee testified that he owned the vending cart, that Khan was his employee, and that he never transferred ownership of the cart to Khan or anyone else. Licensee testified that Khan was compensated weekly. He presented Khan's 2013 W-2 form reflecting that Licensee paid Khan $3,750.00 for working five to six hours a day, five days a week for the entire year. When Khan worked at the cart, he gave Licensee the gross receipts and then Licensee would pay him wages from those receipts. Licensee testified that he did most of the food ordering for the cart but that Khan helped. Licensee did not know why the cart had two license plates or why his name was not on either of them. He did not have any City tax wage receipts and testified that he did not know that his City tax accounts were closed.

Khan testified that Licensee was his employer, that he worked at the vending cart, and that he was paid $275.00 a week in wages. Khan and his brother own another food cart located at Temple University. Khan's 2013 W-2 reported an income of $5,400.00. Khan testified that there were two license plates for Licensee's vending cart because a previous cart at location number 280 had been hit by a car.

4

The Board found the testimony of Ryan and Blaney to be credible and found that the testimony of Licensee and Khan was not credible. Based upon this testimony and the record, the Board affirmed the revocation of Licensee's license. The Board found that Khan was not an employee of Licensee; that Khan was operating the cart at location number 280 without the proper licensing; that Licensee intended to transfer his vending license and location to Khan in violation of Section 9-204(3)(f) of the Code; and that Licensee had not achieved within 30 days of the issuance of the Notice full compliance with all lawful requirements for operating a vending cart at his assigned location.

Khan, individually and on behalf of Licensee, appealed to the trial court arguing that he was merely an employee of Licensee or acting as his agent. Khan asserted that the necessary findings of fact were not supported by substantial evidence and that the Board committed an error of law by holding that the License was unlawfully transferred. Following briefing and oral argument, the trial court denied Khan's appeal, holding that the Board's decision was supported by substantial evidence and that the Board did not commit an error of law by revoking the License. This appeal followed.[3]

---

[3] Where, as here, the trial court takes no new evidence, our review of a decision of a local agency is limited to determining whether an error of law was committed or constitutional rights were violated, whether necessary findings of fact are supported by substantial evidence, and whether the procedures of the local agency were contrary to statute. 2 Pa.C.S. §754(b); *Mulberry Market, Inc. v. City of Philadelphia, Board of License & Inspection Review*, 735 A.2d 761, 763 (Pa. Cmwlth. 1999).

## II.

The sole issue Khan raises on appeal is that the Board committed reversible error when it upheld the license revocation because the record does not contain substantial evidence[4] to support the conclusion that Licensee transferred or assigned his license to Khan. According to Khan, the Code does not prohibit a licensee from hiring employees to operate his licensed vending cart or to handle the ministerial operations associated with such a cart. Given that a single individual may hold more than one vending license, it necessarily follows that someone who "engage[s] in the business of a sidewalk vendor" will likely have employees, managers or agents who work those vending carts. Section 9-204(3) of the Code. *See also* Section 9-204(5) of the Code ("Each person licensed under this Section *or his employee* shall, while engaged in the business of vending, carry a license on his person.") (Emphasis added). According to Khan, he was merely acting as Licensee's employee or agent and there is no evidence of an actual transfer of the License.

We recently addressed a similar argument in the unreported case *Wlodzimier Ziemlewicz v. Board of License and Inspection Review*, (Pa. Cmwlth., No. 1088 C.D. 2015, filed March 3, 2016).[5] In that case, the licensee argued that he had merely hired an individual, Ali, to perform work at his vending cart and to

---

[4] "In a substantial evidence inquiry we simply inquire whether there is such relevant evidence of record which a reasonable person might accept as adequate to support a conclusion." *Mulberry Market, Inc.*, 735 A.2d at 767 (citation omitted). We must also review the record in the light most favorable to the prevailing party. *Philadelphia Civil Service Commission v. Ross*, 595 A.2d 200 (Pa. Cmwlth. 1988).

[5] Pursuant to the Court's Internal Operating Procedures §414, this unreported opinion is not precedential and is only used for its persuasive value.

6

manage the administrative side of the business, but that no actual transfer occurred. After reviewing the record, we held that there was no evidence to establish that Ali was merely serving as the licensee's agent because Ali managed and operated the business on a daily basis; there was no evidence that the licensee controlled or managed Ali; the licensee did not pay Ali for his services; the licensee's tax accounts were closed; and Ali maintained the relevant licenses and inspections, including the commissary license. Finally, the Board determined that the testimony of the licensee and Ali was inconsistent with the record and other credible testimony. Therefore, we concluded that the record as a whole contained substantial evidence to support the finding that Ali was engaged in the sidewalk vending business under licensee's license and that the license had effectively been transferred.

The facts of this case are rather similar. Health Department records from 2012 indicate that Khan was the person in charge of the vending cart, and the inspection reports from 2012 and 2013 all list Khan as the individual responsible for the cart. At the time of the revocation, the cart itself was not registered to Licensee and the license plates were not in his name. Enforcement Officer Ryan never observed Licensee working at the cart. In his brief to this Court, Khan admits that he obtained the health license renewals, maintained the cart, had it inspected, and handled other administrative matters. There is no evidence in the record to indicate that Licensee had anything to do with the operation of the cart in 2013; instead, it appears that Khan handled all of the daily operations and administrative matters such as obtaining the necessary commissary license. In addition, Licensee's tax accounts with the City were closed and he did not have any wage tax receipts contradicting his argument that Khan was his employee. All of these facts amount to substantial

7

evidence to support the finding that Khan was not an employee but was "engage[d] in the business of a sidewalk vendor," and that Licensee, in effect, transferred the License to Khan.

Moreover, it is solely for the factfinder to make credibility determinations, resolve conflicts in the evidence, and determine what weight to give the evidence. *Mulberry Market, Inc. v. City of Philadelphia, Board of License & Inspection Review*, 735 A.2d 761, 767 (Pa. Cmwlth. 1999) (citations omitted). The Board in this case specifically found the City's two witnesses to be credible. Based upon their testimony, the Board found that Khan was not Licensee's employee and that Licensee intended to transfer the License for the vending cart. The Board also found that Khan and Licensee's testimony regarding these issues was not credible, and was inconsistent with the evidence and with the credible testimony of Ryan and Blaney.

Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Aslam Khan, Individually and as :
Attorney-In-Fact for Eleftherios :
Antzoulatos, :
      Appellant :
       :
   v.     :
       :
City of Philadelphia Board of License :
and Inspection Review   : No. 1616 C.D. 2015

# **O R D E R**

AND NOW, this 12<u>th</u> day of  <u>September</u>, 2016, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge