## Lovering v. Dettre, Sheriff

*Wallace M. Keely*, for petitioner.

*High, Dettra & Swartz* and *Frederick B. Smillie*, district attorney, for sheriff.

DANNEHOWER, J., March 11, 1941.—On January 16, 1941, the Sheriff of Montgomery County refused the application of Gilpin Lovering, a resident of Salford Township, Montgomery County, Pa., for a license to carry a firearm in his automobile or concealed on or about his person, on the ground that the applicant has no good reason to fear an injury to his person or property, and has advanced no other proper reason for carrying a firearm.

Because of the sheriff's refusal to grant such license, petitioner, in accordance with the provisions of paragraph (*k*) of the Uniform Firearms Act, section 628 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4628-K, filed his petition in the court of quarter sessions within 30 days thereafter, alleging the refusal complained of, and praying for a reversal thereof. To this petition the sheriff filed an answer, admitting that applicant is a suitable person to be so licensed, but denying

that applicant has a good, sufficient, or proper reason for carrying a firearm. Upon application of petitioner, a hearing was held.

The testimony reveals that petitioner is 60 years of age, retired, and lives alone on a 46-acre farm in Salford Township, about two miles above Tylersport, in a lonely and sparsely-settled section of the county, which has little police protection; that he has been a big-game hunter, is a retired captain of the United States Army, having served in the cavalry, infantry, and artillery; that he is an expert shot, having won prizes for marksmanship, and has been and is instructing young men in the use of firearms; that he is thoroughly experienced in the use of firearms of all kinds and for several years previous has been licensed in this county to carry firearms. It is not disputed, and the sheriff admits, that applicant is an upright, reputable American citizen with an unblemished reputation, as vouched for by five reputable witnesses.

Applicant stated that he desires a license to carry a firearm in his automobile and concealed on his person, to protect himself and his personal property, particularly when he is riding alone in his automobile at night on the lonely roads in going to and from his home, when visiting friends and attending social functions at Rydal, where he formerly resided for many years.

The sheriff contends that the reasons advanced for the license by applicant are not good, proper, and sufficient reasons according to the provisions of the act, section 628 (*f*) of which provides:

". . . the sheriff of a county, may, upon the application of any person, issue a license to such person to carry a firearm in a vehicle or concealed on or about his person within this Commonwealth for not more than one (1) year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or property, or has any other proper reason for carrying a firearm, and that he is a suitable person to be so licensed."

Therefore, the question for decision is, whether the reasons advanced by this applicant are proper reasons within the meaning and contemplation of the act.

It cannot be questioned that this applicant, by reason of his training, experience, Army service, citizenship, and reputation, is an eminently fit, proper, and suitable person to be so licensed. If, by reason of advancing years and declining strength, he entertains fear for the security of himself and his personal property as he frequently drives over lonely roads at night in reaching his home, this applicant should be entrusted with a firearm for his own peace of mind and personal security. There is little or no danger that a firearm in the hands of this applicant would ever be used for an unlawful purpose or in an unlawful manner. Under these circumstances, the reasons advanced by applicant are proper and should have prompted the sheriff to issue the license.

No fixed or certain rule or regulation for issuing such a license can be laid down, because the fitness of every applicant and the reasons advanced are varied and different, so that necessarily every application must be decided upon its own individual facts; and where discretion is vested in an official there usually is a difference of opinion.

The sheriff deserves commendation for his investigation of the character and reputation of every applicant and his careful consideration of the merits of every application, with the aid of the district attorney's office, because the efforts of both of these officials have done much in keeping firearms out of the hands of improper persons and in preventing crime and accident.

And now, March 11, 1941, for the foregoing reasons, the action of the sheriff in refusing the applicant, Gilpin Lovering, a license to carry a firearm, is hereby reversed, and the license shall issue upon payment of the fee. The costs of this proceeding shall be paid by the county.