521 A.2d 522

Charles E. Haines, Appellant *v.* Frank W. Jenkins, Sheriff of Montgomery County, Appellee.

Submitted on briefs September 2, 1986, to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*James R. Caiola, Caiola, Caiola & Gowen,* with him, *Richard E. Gardiner,* Assistant General Counsel, National Rifle Association, for appellant.

*Ross Weiss, Shor, Levin & Weiss, P.C.,* for appellee.

OPINION BY JUDGE BARRY, February 25, 1987:

Charles E. Haines, appellant, appeals from an order of the Montgomery County Court of Common Pleas denying his complaint in mandamus. Haines sought to compel appellee, Frank W. Jenkins, Sheriff of Montgomery County, to issue him a license to carry a firearm in his vehicle or concealed on or about his person pursuant to Section 6109(a) of the Uniform Firearms Act (the Act), 18 Pa. C. S. §6109(a).

Haines is a seventy-four year old retiree who resides on a one and one quarter acre, wooded tract of land in Zieglersville, Pa. He was licensed in both 1982 and 1983 to carry a firearm in his vehicle or on or about his person pursuant to Section 6109(a) of the Act which read at the time relevant to this action:

§6109. Licenses

(a) Issue of License.—The Chief or head of any police force or police department of a city, and, elsewhere, the sheriff of a county, may, upon the application of any person, issue a license to such person to carry a firearm in a vehicle or concealed on or about his person within this Commonwealth for not more than one year from date of issue, if it appears that the applicant has good reason to fear an injury to his person or

property, or has any other proper reason for carrying a firearm, and that he is a suitable person to be so licensed.

In 1984, Sheriff Jenkins refused to issue the license.[1] Appellant alleged that Jenkins abused his discretion and filed a complaint in mandamus seeking to compel Sheriff Jenkins to issue the license. The trial court believed that appellant's fears over impending injury to his personal property were exaggerated in light of his actual experiences.[2] Appellant appealed to this Court again raising the question of whether Sheriff Jenkins acted properly in denying the license.

It should be noted that appellant improperly filed this action in mandamus. Mandamus is "an extraordinary writ which lies to compel the performance of a ministerial act where there is a clear legal right in the plaintiff, a corresponding duty in the defendant and a want of any other adequate and appropriate remedy." *Cottone v. Kulis*, 74 Pa. Commonwealth Ct. 522, 460 A.2d 880 (1983). Because appellant could have appealed

---

[1] Appellant contends that the Sheriff refused to issue the license because he was "cutting back" while the trial court indicated that the Sheriff denied the application because appellant failed to demonstrate good reason to fear an injury to his personal property. The record is unclear on the subject; however, we believe that the Sheriff's rationale for his decision is not pertinent for the purposes of this appeal because the trial court conducted a *de novo* proceeding.

[2] The trial court in referring to appellant's application recited appellant's reasons for applying for the license:

No local police protection, home 100 acres from the main road, valuables in the house and garage, coming in late at night when it's dark, neighbor's [sic] too far away and elderly, and conditions in the world in general today. During the hearing, he also testified that he is elderly, lives in a remote part of the county near Graterford prison, carries cash, and was run off the road twice by 'hooligans.'

Sheriff Jenkins' decision under Section 754 of the Local Agency Law, 2 Pa. C. S. §754, an action in mandamus was inappropriate. However, no objection was made in the trial court to the form of appellant's complaint. Moreover, Section 708(a) and (c) of the Judicial Code, 42 Pa. C. S. §708(a) and (c) read as follows:

§708. Improvident administrative appeals and other matters

(a)  General rule.—No objection to a governmental determination shall be defeated by reason of error in the form of the objection or the office of clerk of court in which the objection is filed.

. . . .

(c)  Other matters.—If a complaint in the nature of equity, *mandamus,* prohibition, quo warranto or other original process is commenced in any court against a government unit or one or more of the persons for the time being conducting its affairs, as such, objecting to a governmental determination by any of them, where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit or any of such persons was commenced shall be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced. (Emphasis added.)

42 Pa. C. S. §708(a) and (c). Accordingly, we will treat the matter as if appellant had properly appealed under the Local Agency Law. Under Section 754(a) of that law, the trial court may hear the appeal *de novo.* Our scope of review with respect to a proceeding which is brought pursuant to the Local Agency Law and in which the trial court has held a *de novo* hearing is limited to de-

termining whether the trial court manifestly abused its discretion, committed an error of law or whether appellant's constitutional rights have been violated. *In Re: Appeal of Newland,* 26 Pa. Commonwealth Ct. 519, 364 A.2d 988 (1976).

After reviewing the appellant's application, which contained appellant's reasons for applying for the license, and taking testimony from officials of the Sheriff's Office responsible for the denial of appellant's request, the trial court concluded that appellant's fears were pervasive and genuine but not realistic in light of the lack of evidence of actual instances in which appellant experienced muggings, vandalism or similar acts of violence. Based on its findings that appellant had not demonstrated a sufficient need under the Act, it concluded that the Sheriff's decision was not an abuse of discretion. We believe that the trial court properly applied the Act to deny appellant's challenge.[3]

It must be emphasized that the trial court did not rule, as appellant contends, that personal protection is not an adequate ground upon which to issue a license. Consequently, appellant's argument that the right to carry a firearm for the purpose of personal protection is constitutionally recognized falls short of addressing the issue at hand. The trial court *did* rule that appellant failed to produce evidence that his fear of injury to his person or property was justified. He, therefore, failed to meet the "good reason" requirement of Section 6109. We believe the trial court was correct in its conclusion,

---

[3] Although the trial court erroneously limited its scope of review to determining whether the issuing authority was guilty of an abuse of discretion in refusing to grant the license, it reviewed appellant's application and took testimony from both parties and made independent findings of fact. Hence, despite its misstatement of the scope of review, the court reached a proper result in this case.

and for this reason, we need not address appellant's argument that the word "may" as used in Section 6109 is mandatory and not permissive and that it must be construed to mean "shall." The construction of the word "may" is irrelevant if the applicant has failed to meet the licensing requirements of the statute.

We therefore affirm the denial of appellant's application for a license to carry a firearm in a vehicle or concealed on or about his person under Section 6109(a) of the Act.

## ORDER

NOW, February 25, 1987, the order of Judge LAWRENCE A. BROWN, Montgomery County Court of Common Pleas, No. 84-10947, dated March 5, 1986, is affirmed.