541 A.2d 406

Irving Gardner, Appellant *v.* Frank W. Jenkins, Sheriff of Montgomery County, Appellee.

Submitted on briefs June 10, 1987, to President Judge CRUMLISH, JR., Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*James R. Caiola*, Caiola, Caiola & Gowen, with him, *Richard E. Gardiner*, Assistant General Counsel, National Rifle Association, for appellant.

*Ross Weiss*, Shor, Levin & Weiss, P.C., for appellee.

OPINION BY JUDGE CRAIG, May 11, 1988:

Irving Gardner appeals from an order of the Court of Common Pleas of Montgomery County which overruled his exceptions to the trial court's earlier order dismissing his complaint in mandamus.

Gardner applied to Frank Jenkins, Sheriff of Montgomery County, for a license to carry a concealed weapon, pursuant to section 6109 of the Pennsylvania Uniform Firearms Act, 18 Pa. C. S. §6109. The sheriff

denied the application on the ground that Gardner was not a "suitable person" within the meaning of section 6109 of the Act. Gardner then filed his mandamus complaint in the trial court, to compel issuance of the license.

At a non-jury hearing on October 14, 1984, Gardner asserted that his state police record was inaccurate. The trial court remanded the case to the sheriff for further investigation of the record. After further investigation and reconsideration, the sheriff reaffirmed his denial of the application. After a second hearing, on December 17, 1984, the trial court dismissed the complaint in mandamus. Gardner filed exceptions which the trial court also dismissed. Gardner then filed this appeal.

Mandamus will issue to compel official performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in defendant, and a lack of any other adequate and appropriate remedy at law. *Porter v. Bloomsburg State College,* 450 Pa. 375, 301 A.2d 621 (1973). The action of mandamus in Pennsylvania is an extraordinary remedy, regulated by statute as to parties and procedure.

Section 6109(a) of the Firearms Act provides:

[T]he sheriff of a county *may,* upon the application of any person, issue a license to such person to carry a firearm . . . if it appears that the applicant has good reason to fear an injury to his person or property, or has any other proper reason for carrying a firearm, and that he is a suitable person to be so licensed. (Emphasis added.)

The language of this section, providing that the sheriff *may* issue a license, shows that the intent of the legislature was to make such issuance not mandatory, but discretionary in that sheriffs are empowered to exercise judgment in applying the statute's standards to decide if applicants should be licensed.

However, even though we must therefore reject the mandamus form of action, the Judicial Code requires that we review substance, rather than form, to see if Gardner's claim could be treated as a statutory appeal. Section 708(a),(c) of the Judicial Code, 42 Pa. C. S. §708(a),(c), reads as follows:

Section 708 Improvident Administrative Appeals and Other Matters.

(a) General Rule.—*No objection* to a governmental determination *shall be defeated by reason of* error in the *form* of the objection . . . .

. . . . .

(c) Other Matters.—*If a complaint in* the nature of . . . *mandamus . . . is commenced* in any court *against a government unit . . . where the proper mode of relief is an appeal* from the determination of the government unit, *this alone shall not be a ground for dismissal, but the papers* whereon . . . the process . . . was commenced *shall be regarded and acted on as an appeal* from such determination . . . and as if filed at the time such process was commenced. (Emphasis added.)

Thus, to dismiss the action, rather than to treat it as an appeal as the statute mandates, would be to disobey the mandatory terms of the Judicial Code, as quoted above, provided that this claim for a firearms license could be embodied in an appeal under section 752 of the Local Agency Law, 2 Pa. C. S. §752.

On the question of whether the sheriff is a local agency, 18 Pa. C. S. §6109(a) gives the right to apply for a license to carry a firearm to "[t]he chief or head of any police force or police department of a city, and, elsewhere, the sheriff of a county." All these individuals are local government agencies under the definition of "government agency" found at 2 Pa. C. S. §101: "Any Commonwealth agency or any political subdivision or

municipal or other local authority or *any officer or agency of any such political subdivision or local authority.*" The sheriff of a county is an officer of the county just as the chief of police of a city is an officer of the city; both the city and county are political subdivisions.

The next question is whether the sheriff's denial was an adjudication, which by definition is:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all parties to the proceeding in which the adjudication is made. . . ."

2 Pa. C. S. §101. The term "may" in 18 Pa. C. S. §6109 might be argued to give the sheriff untrammelled discretion to refuse to issue a firearms license even if an applicant meets the requirements of (1) need and (2) suitability. However, such a construction would be vulnerable to a constitutional challenge based on the right to bear arms. Therefore, we must read the Firearms Act as guiding the sheriff's discretion to proceed with the issuance of a license *if* the requirements are met. Thus the applicant may have a "right" falling within the definition of "adjudication" in 2 Pa. C. S. §101.

Accordingly, Gardner's claim could have been couched in a Local Agency Law appeal, and the Judicial Code requires that we treat it as such. *Haines v. Jenkins,* 104 Pa. Commonwealth Ct. 201, 521 A.2d 522 (1987).

Under section 754(a) of the Local Agency Law, 2 Pa. C. S. §754, the trial court hears the appeal de novo, as was done here. Our scope of review where, as here, the trial court has held a de novo hearing, is limited to a determination of whether the trial court manifestly abused its discretion, committed an error of law, or whether appellant's constitutional rights have been violated. *Haines.*

The right to bear arms, although a constitutional right, is not unlimited and may be restricted in the exercise of the police power for the good order of society and protection of the citizens. *Commonwealth v. Ray,* 218 Pa. Superior Ct. 72, 272 A.2d 275 (1970), *vacated on other grounds,* 448 Pa. 307, 292 A.2d 410 (1972).

Under section 6109 of the Firearms Act, the sheriff has investigatory powers to determine both need and fitness of such a person, in order to negate the carrying of such weapons by persons who may be a threat to life and property. *Commonwealth v. Butler,* 189 Pa. Superior Ct. 399, 150 A.2d 172 (1959).

Gardner contends that the refusal to grant a license places a prior restraint on the constitutional right of freedom of speech. However, prior restraint in the freedom-of-speech cases typically involves the seizure of books, periodicals or films by a governmental officer before an adversarial hearing to determine, for example, their obscenity. In *A Quantity of Copies of Books v. Kansas,* 378 U.S. 205 (1964), the United States Supreme Court held that the procedures followed in issuing a warrant for the seizure of books were unconstitutional because there was no prior adversarial determination of their obscenity. Here, Gardner has had an adversarial hearing, focusing on his need and fitness for such a license. Such a method does not endanger the constitutionally protected right to bear arms.

Gardner further contends that, because section 6110 of the Firearms Act sets forth certain persons, such as habitual drunkards, persons of unsound mind, and persons convicted of a crime of violence, who are ineligible to carry a firearm, the sheriff may deny firearms licenses only to such persons. However, the purpose of that section clearly is to make it unnecessary to conduct any investigation as to such persons; they are barred automatically. As to others, the investigatory powers to determine suitability have not been taken away.

In making an evaluation of suitability, there is no fixed rule, and each case is decided on its own facts. Previous conduct is an important factor. *Lovering v. Dettre*, 41 Pa. D. & C. 716 (1941); *Appeal of Smith*, 65 Conn. 135, 31 A. 529 (1894). The record shows that Gardner conducted an automobile repair business in the same area for eleven years. He was never robbed or beaten up. He admitted that he carried a .357 Magnum, and that he often left the weapon in the vehicle when he went on a job. He never required a police escort. The trial court found his testimony that he carried large sums of money to be not credible. Additionally, there was no evidence of threats. Gardner's apprehension of fear was not established by the record.

The record further shows that there was a controversy between Gardner and two plumbers who were working in his basement during a remodeling job, over the nature of the work. Although there was conflicting testimony, the trial court found that Gardner pulled a gun from his holster, waved it about, and said that this is how he gets his work done. Gardner admitted he had a .357 Magnum, but denied waving it. The plumber subsequently filed a complaint charging Gardner with assault. The plumber later withdrew the complaint as part of a settlement. Gardner contends that, because the warrant was withdrawn, the witness' testimony was hearsay. However, the court's finding was not based on a withdrawn warrant. The record shows that the witness testified. The fact that the arrest warrant was withdrawn does not affect the admissibility of the testimony.

Upon this record, denial of a license was soundly based upon the need and suitability criteria of the Firearms Act.

Accordingly, we affirm the trial court.

### ORDER

NOW, May 11, 1988, the order of the Court of Common Pleas of Montgomery County, No. 84-12443, dated March 5, 1986, is affirmed.

Judges MACPHAIL and COLINS concur in the result only.