**Frank HOLLAND, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DE-PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 3, 1995.

Decided March 14, 1995.

Kenneth Charles Jones, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge Appellate Section, for appellee.

Before COLINS, President Judge, and NEWMAN, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

Frank Holland (Holland) appeals a decision of the Court of Common Pleas of Philadelphia County (common pleas court), which denied his appeal of the Commonwealth of Pennsylvania, Department of Transportation's (DOT) order suspending his driver's license pursuant to Section 1547 of the Vehicle Code.[1] For the reasons set forth herein, we affirm.

1. 75 Pa.C.S. § 1547, *as amended.*

Initially, we note that Holland, in disregard of Pa.R.A.P. 2111(b),[2] failed to append to his brief the opinion of the common pleas court in this matter. While this non-conformity to the rules is inexcusable, it is not so detrimental in this particular case as to preclude meaningful appellate review and compel quashing Holland's appeal.

 On appeal, Holland questions whether a driver's refusal to consent to a blood alcohol test was knowing and conscious where his response to the officer's faulty warnings indicated confusion as to the effect of his refusal to take the test, and the officer failed to clear the confusion. DOT argues, *inter alia*, that this issue is improperly before the Court, as Holland failed to raise it in the common pleas court. We agree.

The Pennsylvania Rules of Appellate Procedure clearly provide that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *Plowman v. Department of Transportation, Bureau of Driver Licensing*, 535 Pa. 314, 318 n. 2, 635 A.2d 124, 126 n. 2 (1993); *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). The issue currently before this Court was not properly preserved for appeal as it was not raised below. In reviewing the record, we note that Holland raised only two issues before the common pleas court: (1) were there reasonable grounds for the police officer to request that Holland submit to chemical testing, and (2) did the consent form used for the breathalyzer test fail to inform Holland why the right to consult with an attorney did not apply to the testing procedure. Accordingly, the issue Holland attempts to raise in this appeal has been waived for purposes of appellate review.

 Furthermore, we are unable to even address the two issues which Holland did present to the common pleas court because by not including those issues in his brief to this Court, Holland failed to preserve those issues for appellate review. Pa.R.A.P. 2116; *Menosky v. Commonwealth*, 121 Pa.Com-

monwealth Ct. 464, 550 A.2d 1372 (1988). Accordingly, the issues Holland raised below are also waived for purposes of appellate review.

 Lastly, we feel compelled to note that the Rules of Appellate Procedure allow for the assessment of reasonable counsel fees and costs against an appellant if the "appeal is frivolous ... or ... the conduct of the participant against whom costs are to be imposed is dilatory obdurate or vexatious." Pa.R.A.P. 2744. The Court is cognizant of the increasing number of cases on our docket, especially in the area of driver's license suspension appeals, which are filed in flagrant disregard of the Rules of Appellate Procedure.

Such conduct deeply troubles this Court, and in the future may result in the imposition of fees and costs, either by motion of a party or by the Court, *sua sponte*. In the case before us, the conduct of Holland in failing to properly present any issue for our review cannot continue to be tolerated by this Court, and clearly approaches the level of conduct contemplated by Rule 2744. However, in the case *sub judice*, we choose not to impose an assessment of fees and costs pursuant to the Appellate Rules.

Accordingly, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

### ORDER

AND NOW, this 14th day of March, 1995, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

---

**2.** Rule 2111, which dictates the format and content of briefs and appendices thereto, provides in subpart (b), in pertinent part:

> There *shall* be appended to the brief a copy of any opinions delivered by any court or govern-

ment unit below relating to the order or other determination under review, if pertinent to the questions involved.

Pa.R.A.P. 2111(b) (emphasis added).