PENNSYLVANIA STATE
POLICE, Petitioner,

v.

Byron STEIN, Respondent.

Commonwealth Court of Pennsylvania.

Argued April 8, 2002.
Decided April 30, 2002.
Reargument Denied En Banc
June 25, 2002.

Joanna N. Reynolds, Harrisburg, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: McGINLEY, Judge, and
LEADBETTER, Judge, and
McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

The Pennsylvania State Police (PSP) petition for review of the decision by the Office of Attorney General (OAG) holding that an order of the court of common pleas pursuant to Section 6105(d) of the Uniform Firearms Act (UFA), 18 Pa.C.S. § 6105(d), relieved Byron Stein of his disability from purchasing, owning or using firearms. We affirm.

Byron Stein's firearms disability under 18 Pa.C.S. § 6105 occurred as the result of his conviction in 1963 for larceny in con-

nection with the theft of an automobile. He served a three-year term of probation and paid restitution. Thereafter, he served for two years in the armed services and was honorably discharged. He married, raised three children and has been steadily employed for over thirty years.

On May 3, 2000, the local sheriff denied Stein's application for a license to carry a firearm under 18 Pa.C.S. § 6109[1] based upon the criminal record report provided by the PSP. Stein filed a challenge with the PSP on May 23, 2000 (assigned file no. 00–05–01878). The PSP confirmed the accuracy of its criminal history record on May 24, and stated that the issuance of a license to a person convicted of a crime punishable by imprisonment for a term exceeding one year is prohibited under 18 Pa.C.S. § 6109(e)(1)(viii). Stein took no further steps regarding the license. Rather, it appears that a few months later Stein sought to purchase a gun and, on July 5, 2000, was refused based on another PSP criminal record check that revealed the old conviction. Stein filed a second challenge with the PSP (assigned file no. 00–07–02327) and, on July 6, the PSP confirmed its decision stating as its reason that re-gardless of any relief that may be available to Stein from State firearms disability, he is disabled from owning or possessing a firearm under Section 922 of the Federal Gun Control Act of 1968, 18 U.S.C. § 922. Thereafter, by a letter received at the Office of Attorney General on July 17, 2000, Stein appealed the PSP confirmation. The OAG assigned an ALJ to conduct a hearing.

Meanwhile, on July 28, Stein petitioned the court of common pleas pursuant to 18 Pa.C.S. § 6105(d)[2] for relief from firearms disability. Following a hearing, at which the Berks County District Attorney asserted no objection, common pleas granted Stein's request in an order dated October 17, 2000, which states in pertinent part:

Byron G. Stein is granted an exemption and relief under Section 6105(d) from the conviction of the enumerated offenses set forth in 6105(b) on the basis that a period of more than ten (10) years has elapsed since the most recent conviction of a crime enumerated in subsection (b). Byron G. Stein shall hereafter be permitted to purchase, own, possess,

---

1. A license to carry a firearm is issued for the purpose of carrying a firearm concealed on or about one's person or in a vehicle. *See* 18 Pa.C.S. § 6109(a).

2. Section 6105(d) provides for an exemption from disability by stating, in pertinent part, as follows:

(d) Exemption.—A person who has been convicted of a crime specified in subsection (a) or (b) ... may make application to the court of common pleas of the county where the principal residence of the applicant is situated for relief from the disability imposed by this section upon the possession, transfer or control of a firearm. The court shall grant such relief if it determines that any of the following apply:

....

(3) Each of the following conditions is met:

(i) The Secretary of the Treasury of the United States has relieved the applicant of an applicable disability imposed by Federal law upon the possession, ownership or control of a firearm as a result of the applicant's prior conviction, except that the court may waive this condition if the court determines that the Congress of the United States has not appropriated sufficient funds to enable the Secretary of the Treasury to grant relief to the applicants eligible for relief.

(ii) A period of ten years, not including any time spent in incarceration, has elapsed since the most recent conviction of the applicant of a crime enumerated in subsection (b) or a felony violation of The Controlled Substance, Drug, Device and Cosmetic Act. 18 Pa.C.S. § 6105(d).

sell or transfer a firearm in spite of the conviction of the 1963 offenses.

*In re Application of Byron G. Stein,* (Berks County No. 00–7509, order dated October 17, 2000).

At the hearing on May 15, 2001, the ALJ admitted the exemption order by common pleas without objection from PSP and Stein testified that he seeks enforcement of common pleas' order so as "to have the right to buy, purchase or sell a firearm." Based thereon, the ALJ granted Stein's request in an order directing the PSP, in pertinent part:

> to take such remedial action with respect to [Stein's] official criminal history record maintained by the Pennsylvania State Police so as to grant [Stein] the benefits of the Exemption Order referred to herein. [And] to provide [Stein] with an amended certified copy of his criminal history record information for purposes of facilitating compliance by both [Stein] and [PSP] with the provisions of the Uniform Firearms Act 18 Pa.C.S. § 6101, *et seq.*

*Stein v. Pennsylvania State Police,* (Office of Attorney General No. FAD00270, order dated June 12, 2001). The PSP filed the present appeal.

The PSP in both its brief and oral argument to this court misstates that the present appeal is from the denial of the *license.* Confusion as to which PSP decision was on appeal to the OAG apparently began when the PSP, in a post-appeal follow-up letter to Stein dated August 18, 2000, referenced the file number applicable to the "denial

for a license to carry a firearm dated May 23[sic], 2000" (i.e., 00–05–01878) and restated the prohibition against issuance of a license to a convicted felon under Section 6109(e).[3] The issuance or denial of a license under Section 6109 is a decision made by the local sheriff based not only on an investigation of the applicant's criminal record history, but also takes into consideration the applicant's character, reputation and the stated reasons for obtaining the license. *See* 18 Pa.C.S. § 6109. The sheriff's decision is an adjudication by a local agency that is appealable to the court of common pleas under 2 Pa.C.S. § 754. *See* 18 Pa.C.S. § 6114. *Gardner v. Jenkins,* 116 Pa.Cmwlth. 107, 541 A.2d 406 (1988). It would appear that Stein was entitled, alternatively, to appeal the accuracy of the PSP determination to the Office of Attorney General (OAG) within thirty days pursuant to 18 Pa.C.S. § 6111.1(e). Any such appeal, however, would determine only the validity of the report made and record maintained by the PSP, not the grant or denial of the license, which is a discretionary determination of the local sheriff. At all events, even if Stein intended to follow such a course with regard to the PSP's record history confirmation of May 24 (relating to the license application), the time for such an appeal had long expired by the time of Stein's July 17 appeal letter. Thus the only PSP determination within the OAG's jurisdiction was that of July 6 (relating to the purchase application) and that is the only matter now before this court.

---

**3.** At the hearing, the confusion continued unabated as to which PSP determination was before the ALJ, that of May 24 or that of July 6. The PSP announced, inappropriately, that it would establish grounds supporting the denial of a firearms license on May 23. Stein announced that he challenged the PSP's denial of his right to purchase a firearm. The ALJ correctly states that his decision resolves, "the

appeal of the Petitioner, Byron G. Stein from the ruling of the Respondent, Pennsylvania State Police, dated July 6, 2000," which is the PSP decision at file number 00–07–02327 concerning the "denial for a purchase/transfer of a firearm." However, in his opinion, the ALJ incorrectly notes that the appeal is from the denial of Stein's license application.

In its petition for review, the PSP assert that Stein remains under a firearms disability because the order entered by common pleas is not sufficient to relieve firearm disability under Section 922 of the Federal Act. However, in its brief to this court, the PSP shifts its argument, contending that the exemption from firearms disability granted by common pleas pursuant to 18 Pa.C.S. § 6105(d) does not relieve the prohibition against issuance of a license under 18 Pa.C.S. § 6109. Stein did not file a timely brief and, therefore, is precluded from briefing or arguing his case.

PSP's argument concerning the denial of Stein's license application is both improper, in that it argues an issue not raised in the petition for review, and irrelevant, in that Stein did not appeal the criminal history record report that led to license denial. PSP asserts its relevant argument, *i.e.*, that relief from State firearms disability does not relieve Federal disability under Section 922 in the petition for review and does not raise this contention in its brief. For this reason, the argument is waived. *See* Pa. R.A.P. 2116. *See, e.g., Holland v. Department of Transp., Bureau of Driver Licensing*, 656 A.2d 178 (Pa.Cmwlth.1995). Nevertheless, even if this argument had been preserved, it cannot prevail in light of this court's *en banc* decision in *Pennsylvania State Police v. Grogan*, 790 A.2d 1093 (Pa.Cmwlth. 2002), holding that a common pleas order granting an unqualified exemption from firearms disability under 18 Pa.C.S. § 6105 relieved both State and Federal firearms disability. Under the rule established in *Grogan*, the ALJ properly concluded that common pleas' order of October 17, 2000 renders Stein eligible to purchase, own, possess, sell or transfer a firearm.

Accordingly, we affirm.

### ORDER

AND NOW, this 30th day of April, 2002, the order of the Office of Attorney General in the above captioned matter is hereby AFFIRMED.