John H. MORLEY, Jr., Appellant,

v.

**CITY OF PHILADELPHIA LICENSES & INSPECTIONS UNIT, Philadelphia Police Department, Philadelphia District Attorney and Board of License & Inspection Review.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 2004.

Decided March 11, 2004.

John H. Morley, Jr., appellant, pro se.

Mia Carpiniello, Philadelphia, for appellees.

PER CURIAM.

John H. Morley, Jr. (Appellant), acting *pro se*, appeals from an order of the Court of Common Pleas of Philadelphia County, dated December 9, 2002, affirming the decision of the City of Philadelphia, Board of License and Inspection Review (the Board), which upheld the revocation of his license to carry a firearm in accordance with Section 6109 of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa.C.S. § 6109.[1] We affirm.

It appears that at some point in time Appellant was issued a valid license to carry firearms. On March 10, 1999, Appellant was involved in an altercation. During the altercation, Appellant drew his weapon. On or about June 15, 1999, a warrant was issued for Appellant's arrested in connection with the altercation. By letter of same date, Appellant was notified that his license to carry firearms had been revoked by the [then] Commissioner of the Philadelphia Police Department (the City).[2] Appellant timely appealed the revocation to the Board. The Board postponed any hearing on the matter until after resolution of the criminal charges related to the altercation. The criminal charges were eventually dismissed when witnesses repeatedly failed to appear to testify. Thereafter, a hearing was scheduled for June 4, 2002, before the Board.[3]

Subsequent to the hearing, the Board issued findings of fact and conclusions of law wherein the Board concluded, in part, that "the Commissioner had good cause to revoke Appellant's license to carry a firearm." (R.R. at 65). The Board affirmed the revocation of Appellant's license to carry a firearm. (R.R. at 66).

Appellant filed a timely notice of appeal with the trial court. (R.R. at 61–66). Thereafter, the trial court conducted a status hearing, heard oral argument, and accepted briefs from the parties. (R.R. at 67–116). By order dated December 9, 2002, the trial court affirmed the decision of the Board, and Appellant filed a notice of appeal. The trial court then issued an order on December 24, 2002, directing Appellant to file a concise statement of the matters he intended to raise on appeal.

1. Under the Uniform Firearms Act, an issuing authority, in this case the Commissioner of the Philadelphia Police Department, may revoke an individual's license to carry a firearm if it becomes evident that a permit has been issued to an individual "whose character and reputation is such that the individual would be likely to act in a manner dangerous to public safety." *See* 18 Pa.C.S. §§ 6109(e)(1)(i) and 6109(i).

2. For purposes of this opinion, the City of Philadelphia and the Philadelphia Police Department, Appellees herein, shall be collectively referred to as "the City."

3. During the hearing, over Appellant's hearsay objection, the City presented the testimony of a police detective who essentially summarized statements made by Appellant and the other individuals involved in the altercation. Appellant then presented the testimony of his wife, who was a witness to the altercation. The wife's testimony was inconsistent with a statement that she had made, signed and adopted when interviewed by the police detective within hours of the altercation. Appellant also presented a character witness. The wife's prior inconsistent statement regarding the altercation was entered by the City into evidence through testimony by the police detective.

(*See* original record). In response, Appellant timely filed a statement of matters complained of pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). (Supp. R.R. at 39–40b). The trial court then issued an opinion on January 7, 2003, wherein it addressed the two issues raised by Appellant in the statement. (Appellant's brief at 13–18).

On appeal to this Court,[4] Appellant argues that the revocation of his license to carry a firearm was an arbitrary action by the Commissioner. Appellant also argues that decision of the Board is not supported by the weight of the evidence. In support of this argument, Appellant contends that the Board relied upon hearsay evidence when it considered the testimony of a police detective regarding statements made by witnesses to the altercation described above. In further support, Appellant contends that the Board rejected the testimony of Appellant's wife and improperly relied upon prior inconsistent statements made by the wife. Finally, Appellant argues that he has been deprived of his constitutional right to carry a firearm.

The City contends that Appellant waived all of the issues set forth above, with the exception of the argument relating to whether he has been deprived of a constitutional right to carry a firearm, when he failed to address those issues in his statement of matters complained of pursuant to Pa. R.A.P.1925(b).[5] With regard to the remaining constitutional issue, the City contends that Appellant's constitutional rights have not been violated.

■ First, we will address whether Appellant has waived the issues relating to the weight of the evidence and the Commissioner's alleged arbitrary manner in revoking Appellant's license. Pennsylvania Rule of Appellate Procedure 1925(b) provides as follows:

(b) Direction to file statement of matters complained of. The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after the entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

The Pennsylvania Supreme Court has held that an issue not raised in a Rule 1925(b) statement ordered by the trial court will be deemed waived even if the issue was raised before or during trial because the "absence of a trial court opinion poses a substantial impediment to meaningful and effective appellate review." *Commonwealth v. Lord,* 553 Pa. 415, 419, 719 A.2d 306, 308 (1998). Similarly, this Court on numerous occasions has held that issues not raised in a Rule 1925(b) statement and not addressed by the trial court in its opinion will be deemed waived. *See Municipality of Monroeville v. Monroe-*

4. In an appeal from a court of common pleas' review of an adjudication by the Board, where the court of common pleas takes no new evidence, this Court must affirm the Board's decision unless the decision violated the appellant's constitutional rights, the decision was not in accordance with law, the proceedings before the Board violated the practices and procedures of local agencies, or any necessary findings of fact made by the Board was not supported by substantial evi-

dence. *See* 2 Pa.C.S. § 754(b); and *Mulberry Market, Inc. v. City of Philadelphia, Board of License and Inspection Review,* 735 A.2d 761 (Pa.Cmwlth.1999).

5. Although not set forth in the statement of matters complained of, the issue of the weight of the evidence was raised in Appellant's brief to the trial court. (R.R. at 92–101).

*ville Police Department Wage Policy Committee,* 767 A.2d 596 (Pa.Cmwlth.2001), *petition for allowance of appeal denied,* 566 Pa. 672, 782 A.2d 551 (2001); *Mulberry Market; Plank v. Monroe County Tax Bureau,* 735 A.2d 178 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* 560 Pa. 753, 747 A.2d 373 (1999).

In the case at hand, Appellant failed to raise in his Rule 1925(b) statement the issues concerning whether the revocation of his license was arbitrary and whether the decision of the Board was supported by the weight of the evidence when considered in light of the admission of hearsay statements.[6] Therefore, Appellant waived those issues.[7]

■ Therefore, we turn next to Appellant's argument that he has been deprived of his constitutional right to carry a firearm. This Court has held that the legislature intended Section 6109 of the Uniform Firearms Act to confer discretion on sheriffs and/or police commissioners, depending upon the jurisdiction in question, empowering them to exercise judgment in applying the act's standards to determine

---

6. Appellant's statement of matters complained of consists of seven numbered paragraphs, which read as follows:

   1. On March 10, 1999[, Appellant] brandished a hand gun in self defense. [Appellant] has a permit to carry a concealed weapon.

   2. On March 10, 1999[, the Philadelphia Police Department] confiscated [Appellant's] hand gun and permit to carry.

   3. On May 15, 1999[, Appellant] requested, in writing, the return of his hand gun and permit.

   4. On June 15, 1999, ninety seven (97) days later, a warrant [was] issued for [Appellant's] arrest.

   5. On December 10, 2001, after fifteen continuances, the Commonwealth withdrew the charges.

   6. [Appellant] has been deprived of his constitutional right to be keep and bear arms.

   7. [Appellant] has been deprived of his civil right to be free of malicious prosecution.

   (Supp. R.R. at 39b).

   On the basis of those allegations, Appellant complained that he had been deprived of his constitutional and civil rights. *Id.* In its opinion dated January 7, 2003, in response to Appellant's statement of matters complained of, the trial court specifically noted that Appellant raised two issues on appeal. (*See* Appellant's brief at 13–18). The trial court then addressed the issue of whether Appellant had been deprived his constitutional right to keep and bear arms. *Id.* It attempted to address the issue of whether Appellant had been deprived of his civil right to be free of malicious prosecution, but the trial court was unable to

   do so because it determined that the issue did not make "sense in light of the record" before the trial court. *Id.* We concur that the above two issues were the only issues raised in the statement of matters complained of.

   Also, we note that the latter argument relating to malicious prosecution is not raised in Appellant's statement of questions or elsewhere in his brief to this Court, therefore, we note that it too has been waived. *See* Pa. R.A.P. 2116(a); *see also Coraluzzi v. Commonwealth,* 105 Pa.Cmwlth. 305, 524 A.2d 540 (Pa.Cmwlth.1987) (ordinarily, no point will be considered which is not set forth in the statement of questions involved or suggested thereby); and *Van Duser v. Unemployment Compensation Board of Review,* 164 Pa. Cmwlth. 96, 642 A.2d 544 (1994) (issues not briefed are waived on appeal).

   Moreover, while the trial court sua sponte noted that competent evidence existed to support the Board's determination, it did not address the hearsay arguments now before this Court other than to state that "the statement of Appellant's wife constituted a prior inconsistent statement that was clearly admissible." (*See* Appellant's brief at 13–18). Although the issue has been waived on appeal, we concur with the trial court's assessment of the admissibility of the prior inconsistent statement.

7. In his reply brief, Appellant argues, without any legal citation or support, that because the City did not file a motion to quash the appeal before this Court, the City has waived its ability to object to Appellant's waiver of the issues discussed above. We reject this argument.

if applicants should be licensed. *Harris v. Sheriff of Delaware County*, 675 A.2d 400 (Pa.Cmwlth.1996). That principle also applies to the revocation of a license. *Id.*

Moreover, as the trial court noted, this Court has held that although the right to bear arms is a constitutional right, it is not unlimited, and restrictions are a proper exercise of police power if they are intended to protect society. *Gardner v. Jenkins*, 116 Pa.Cmwlth. 107, 541 A.2d 406 (1988). In *Gardner*, this Court upheld the denial of a license to carry a firearm on the basis that the appellant in that case was involved in a controversy with two plumbers who were doing work in his basement. During the controversy, the appellant had pulled a gun, waved it around and announced that this was how he gets work done. *Id.* Based upon those facts, this Court concluded that the license was properly denied because the appellant was not a "suitable person" within the meaning of Section 6109 of the Uniform Firearms Act as it then existed.[8] *Id.*

In the case at hand, the trial court wrote in its opinion that:

> The Court's review of the competent evidence shows that [A]ppellant took a weapon into a bar that he had previously left because, '... there was a lot of nasty people, and everybody was arguing. Everybody was miserable.' He had gotten into an argument and lost his temper. He had to be restrained from continuing an assault on another patron. He drew his gun once released by the people restraining him, and chambered a

round. He then ordered everyone to leave the bar.

(Appellant's brief at 17). Based upon this evidence, the trial court concluded that "Appellant does not possess the requisite character and reputation which would entitle him to be licensed to carry a weapon." *Id.* It then upheld the revocation of Appellant's license.

In light of the facts cited by the trial court, we conclude that the trial court did not err or abuse its discretion when it upheld the Board's revocation of Appellant's license. The facts cited above support the Board's determination that Appellant lacks the requisite character and reputation to entitle him to be licensed to carry a firearm.

Accordingly, the order of the trial court is affirmed.

President Judge Colins concurs in the result only.

### ORDER

AND NOW, this 11th day of March, 2004, the order of the Court of Common Pleas of Philadelphia County, dated December 9, 2002, is hereby affirmed.

---

8. Prior to the 1995 enactment of the Uniform Firearms Act, Section 6109(2) of the prior version of the Uniform Firearms Act provided as follows:

> In a city of the first class, a license shall be issued only if it additionally appears that the applicant has good reason to fear an injury ... or has any other proper reason

for carrying a firearm and that the applicant is a suitable individual to be licensed. Although the above language is no longer contained in the Uniform Firearms Act, the reasoning of the trial court in *Gardner* in denying the permit to carry a firearm is instructive to the case before us regarding revocation.